**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SOHAN LAL,

Petitioner,

v.

JEREMY CASEY, Warden of the
Imperial Regional Detention Center; et al.,

Respondents.

Case No.:  26cv1545 DMS JLB

**ORDER GRANTING PETITION**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus.  (Pet., ECF No. 1.)  Respondents filed a return, (Return, ECF No. 4), and Petitioner filed a reply, (ECF No. 5).  For the following reasons, the Court grants the Petition.

## I.    BACKGROUND

Petitioner is a native and citizen of India.  (Pet. ¶ 20.)  He entered the United States without inspection on October 26, 2023.  (*Id.* ¶ 21.)  Shortly after his entry, Petitioner was briefly detained by immigration authorities and then released on his own recognizance subject to conditions of supervision.  (*Id.* ¶¶ 22–23.)  He was also served with a Notice to Appear, charging him as being present in the United States without admission or parole.  (*Id.* ¶ 27.)  Per the conditions of his release, Petitioner was required to comply with

1

Alternatives to Detention monitoring and periodic reporting requirements. (*Id.* ¶ 24.) Petitioner has fully complied with the conditions of his release and has no criminal history. (*Id.* ¶¶ 25–26.) He also obtained valid employment authorization because of his timely-filed asylum application. (*Id.* ¶ 29.) On March 3, 2026, Petitioner stopped at a gas station for coffee while working as a commercial truck driver. (*Id.* ¶ 31.) Petitioner was approached by an officer and asked to provide identification. (*Id.* ¶ 32.) Petitioner cooperated and informed the officer that he possessed valid employment authorization, was attending all immigration court proceedings, and had complied with his conditions of release. (*See id.* ¶¶ 33–34.) Yet, the officer detained Petitioner "without notice, without any alleged violation, and without any individualized custody determination." (*Id.* ¶¶ 35, 37.) The officer did not allege any criminal conduct or violation of supervision conditions. (*Id.* ¶ 36.) Petitioner remains detained at the Imperial Regional Detention Center under 8 U.S.C. § 1225(b)(2). (*Id.* ¶¶ 15, 38.)

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A petitioner prevails in his petition for writ of habeas corpus if he shows that his custody violates the Constitution or laws of the United States. *Id.* § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

## III.    DISCUSSION

When determining whether Petitioner's procedural due process rights have been violated, the Court must consider:

> three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

26cv1545 DMS JLB

First, Petitioner "invokes the most significant liberty interest there is—the interest in being free from imprisonment." *Munoz Materano v. Arteta*, 804 F. Supp. 3d 395, 416 (S.D.N.Y. 2025) (citation modified) (citation omitted). Here, Petitioner was on supervised release when he was re-detained. He undeniably had a liberty interest. *See Noori v. LaRose*, 807 F. Supp. 3d 1146, 1164 (S.D. Cal. 2025) (finding the petitioner "has a private interest in remaining free, which developed over the year he resided in the United States"). Therefore, this factor weighs in Petitioner's favor.

Next, there is a high risk of erroneous deprivation of this liberty interest when noncitizens are re-detained without a hearing. *See, e.g.*, *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1089 (N.D. Cal. 2025) (citing cases). Here, Petitioner was fully compliant with the conditions of his supervised release and lawfully employed. He was re-detained— despite his cooperation and explanation to the officer—while simply grabbing a cup of coffee during the course of his job. He was re-detained without notice, without an individualized custody determination, without any process. He remains detained, still having received no process. Accordingly, the second factor—the risk of an erroneous deprivation of such interest through the procedures used—unquestionably weighs in favor of Petitioner.

On the third factor, "[t]he government may have a 'strong interest' in detaining noncitizens during the pendency of removal proceedings as needed to protect the public from dangerous criminal aliens, or to prevent flight and thereby increase the chance that the aliens will be successfully removed." *Pablo Sequen*, 806 F. Supp. 3d at 1090 (citation modified) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022)). However, when the Government previously decided to release a noncitizen and there is no evidence of any changed circumstance that might have caused the Government to reconsider that decision, its interest in re-detention is low. *Doe v. Chestnut*, No. 25-cv-01372, 2025 WL 3295154, at *10 (E.D. Cal. Nov. 26, 2025) (citations omitted). Here, no such evidence exists. Petitioner was compliant, law abiding, and employed. "While the government has an interest in enforcing immigration laws . . . it must pursue that interest

26cv1545 DMS JLB

'in a manner consistent with the Constitution.'" *Munoz Materano*, 804 F. Supp. 3d at 420 (citation omitted).  This factor also weighs in Petitioner's favor.  Thus, applying the *Mathews* balancing test, the Court finds that Petitioner's detention violates his due process rights.

Respondents do not contest the facts or argue the officer's actions were constitutional.  Rather, they state that they do not oppose Petitioner receiving "a bond hearing . . . subject to supervision during his removal proceedings." (Return.)  However, as Petitioner correctly states: a bond hearing will not cure this constitutional violation. (Reply 2–3.)  Petitioner *was* on supervised release and fully compliant with the conditions of his release when he was unlawfully re-detained.  There exists no evidence of changed circumstances that justify his re-detention.  Accordingly, the Petition is **GRANTED**.  The Court **ORDERS** Petitioner's immediate release.

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** the Petition.  Respondents shall release Petitioner within **24 hours**, and shall not re-detain Petitioner without first providing a pre-deprivation hearing before a neutral decisionmaker at which Respondents must prove that changed circumstances related to flight risk or danger warrant Petitioner's re-detention. Respondents are further **ORDERED** to file a Status Report within **seven (7) days** of the entry of this Order, confirming Petitioner has been released.

**IT IS SO ORDERED.**

Dated:  April 24, 2026

Hon. Dana M. Sabraw
United States District Judge

4

26cv1545 DMS JLB